## BLANCHARD vs. ZACHARIE.

### APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

A return of *nulla bona* as to one of two defendants, against whom a writ of *fieri facias* has issued, and the writ being stayed as to the other, a separate *ca. sa.* cannot legally issue. The execution must conform to the judgment, which is the sole authority that warrants the process. There being but one judgment, there can be but one execution and satisfaction.

So, where a judgment *in solido* is obtained against three defendants, and separate executions issue, but stayed as to one of the defendants, and as to the other two, returned *nulla bona*, and *ca. sas.* are taken out against each of them separately, one of which is stayed, and the other gave bond and security for the prison limits: *Held*, to be illegal, and the surety on the bond discharged: because the plaintiff cannot have, at the same time, a *ca. sa.* against one, a *fi. fa.* against a second, and proceedings suspended as to a third.

This is an action against the surety in a prison limits bond, to satisfy a judgment which the plaintiff had obtained against Puech & Duplessis, and another defendant; in which Puech had been arrested on a writ of *capias ad satisfaciendum*, which issued separately against him, and he gave bond, with the defendant as his surety for the prison limits. The condition of the bond being broken, the plaintiff instituted this suit against the surety for the amount of his debt.

The defendant admitted his signature to the bond, but denied all the other allegations, and denied, specially, being in any way responsible. He expressly charged, that time

Eastern Dist.
June, 1840.
―――――
BLANCHARD
vs.
ZACHARIE.

was given to *W. F. C.* Duplessis, one of the defendants in the judgment, who was endorser of the notes forming part of the debt; that the proceedings against Puech were illegal and void, and that the bond was also null and void. On these pleadings and issues the cause was tried.

The facts of the case are few and clear, and are fully stated in the opinion of the court.

There was judgment for the plaintiff, and the defendant appealed.

*Bodin,* for the plaintiff, contended for the affirmance of the judgment. He argued to show that the plaintiff had the right to pursue either of his debtors separately, being each bound *in solido,* and for the whole debt. He relied on *Pothier on Obligations No.* 270, in support of this position, and other authorities.

*T. Slidell,* for the defendant, insisted on the reversal of the judgment. He pointed out various defects in the proceedings against the defendants in plaintiff's judgment, to show that they were null, and of no effect.

2. He contended that, both by the common law authorities, and the decisions of this court, that execution must strictly follow the judgment of the court; so that a *ca. sa.,* on a judgment against two, cannot be issued against one of the defendants, and proceedings stayed as to the other. The writ must be issued in conformity to the judgment. See the case of *Casson* vs. *Cureton,* 12 *Martin,* 435.

*Bullard, J.,* delivered the opinion of the court.

The plaintiff, having recovered a judgment against Puech & Duplessis and *W. F. C.* Duplessis, *in solido,* in the City Court, caused writs of *fieri facias* to issue, separately, against the members of the firm and the last named defendant. The execution against the latter was stayed, by order of the plaintiff, upon his giving his notes, with an endorser, for the amount of the judgment against him, payable at different periods, upon condition that the money was not made out of

his co-defendants. Upon the execution against Puech & Duplessis, there was a return of no property found. The plaintiff, thereupon, took out writs of *capias ad satisfaciendum* against each of the members of the firm, separately. The capias against Duplessis was stayed, but Puech was arrested, and gave the bond to keep the prison bounds upon which the present suit is brought against his surety. The defendant sets up, as a defence, the irregularity and illegality of those proceedings, and the consequent nullity of the bond. There was judgment against him, and he appealed.

The counsel for the appellant relies mainly upon the decision of this court in the case of *Casson vs. Cureton,* 12 *Martin,* 435.

The principle settled in that case was, that on a return of *nulla bona,* as to one of two defendants, against whom a writ of *fieri facias* had issued, and the writ being stayed as to the other, a separate *capias* could not legally be issued ; that the mode of execution is not at the discretion or caprice of the plaintiff, but that the execution must conform to the judgment ; and that the clerk, in issuing execution, must strictly follow the judgment, which is the sole authority that warrants the process.

It is obvious, that a departure from these principles might lead to the greatest injustice and oppression. Writs of *fieri facias,* issued separately against debtors, *in solido,* condemned by the same judgment, would authorize the officers of justice to coerce payment at the same time from each and all of them ; whereas, by the judgment, the plaintiff is entitled only to one satisfaction. When the public force is employed in the redress of private wrongs, it should be in strict compliance with judicial authority.

The counsel for the plaintiff very earnestly combats the authority of that case, and relies on that of Pothier, to show that the creditor may pursue either of his debtors, *in solido,* or all at the same time, either by way of action or execution. *Pothier on Obligations, No.* 270. This general principle cannot be denied, so far as it concerns the prosecution of debtors *in solido,* by ordinary action, or by executory process issued

A return of *nulla bona* as to one of two defendants against whom a writ of *fieri facias* has issued, and the writ being stayed as to the other, a separate *ca. sa* cannot legally issue. The execution must conform to the judgment, which is the sole authority that warrants the process. There being but one judgment there can be but one execution and satisfaction. So, where a judgment *in solido,* is obtained against three defendants, and separate executions issue, but stayed, as to one of the defendants, and as to the other two, returned *nulla bona* ; and *ca. sas.* are taken out against each of them, separately, one of which is stayed, and the other gave bond and security for the prison limits :

EASTERN DIST·
June, 1840.

*Held*, to be il-
legal, and the
surety on the
bond discharg-
ed; because the
plaintiff cannot
have, at the same
time, a *ca. sa.*
against one, a
*fi. fa.* against a
second, and pro-
ceedings sus-
pended as to a
third.

in the first instance, in the cases in which the law allows such summary proceedings. But when the creditor has sued several debtors, *in solido*, in the same action, and has recovered a judgment, jointly, against them, we are still of opinion that he is bound to proceed, in the execution of it, in the form indicated by the judgment itself, and that he cannot have, at the same time, a *ca. sa.* against one, a *fieri facias* against another, and the proceedings suspended as to a third.

The judgment of the Parish Court is, therefore, annulled and reversed, and ours is for the defendants, with costs in both courts.