No. 3641.—JOHN T. MICHEL *v.* MILTON BENNER et al.

Execution may issue against one of several debtors condemned *in solido* to pay the same debt, without issuing it against the others, at the option of the judgment creditor.

APPEAL from the Second Judicial District Court, parish of Jefferson. *Pardee*, J. *R. King Cutler*, for plaintiff and appellee. *J. N. Brickell*, for defendants and appellants.

TALIAFERRO, J. The defendants, Benner and Randlet, having obtained judgment *in solido* against the plaintiff and P. Gallagher, caused an execution to issue against Michel alone, and he injoined the writ on several grounds. *First*—That the execution was issued against him alone, whilst it should have included Gallagher. *Second*—That some errors had been committed in regard to the names of the parties both in the writ and notice of seizure. *Third*—That the Second Judicial District Court had no jurisdiction of the matter and was without authority to issue the execution.

The judge *a quo* perpetuated the injunction on the first grounds taken and the defendants have appealed. The question presented is, can a writ of *fieri facias* be issued against one only of several debtors, condemned *in solido* for the same debt?

We are not able to concur with the judge *a quo* in the view taken by him of this question. His judgment is predicated upon the case of Casson *v.* Cureton, 12 Martin 436, and that of Blanchard *v.* Zacharie, 15 La. 541. In the first of these cases the question was whether a joint execution which had issued against two defendants being returned *nulla bona* as to one, and proceedings stayed by order of plaintiff as to the other, a separate *capias* can issue against him whose property can be found? The court decided in the negative, referring

to an act passed in 1809 directing in positive terms that no *capias ad satisfaciendum* should issue to imprison the body of any debtor, until due return by the sheriff, or other officer, of the writ of *fieri facias*, stating that sufficient property was not found to satisfy the same.

The case in 15 La. Reports the same doctrine is reiterated. The facts of that case are similar to those in Casson v. Cureton. A *capias* had issued as to one of the parties, while the *fieri facias* and *capias* was stayed as to the others.

The question before us in the present case was not directly decided in the cases of Casson v. Cureton and Blanchard v. Zacharie, although in both cases two of the three judges then on the bench expressed their views clearly *arguendo* in favor of the rule in common law practice, that the form of the execution must invariably follow the judgment, while Judge Matthews, with his usual acumen, maintained the proposition that on judgments rendered *in solido* executions may issue against all or any one of the persons so condemned.

We are inclined to adopt this view of the case, and to conclude on the principle of analogy that where the creditor may obtain a judgment only against one of several persons bound in a solidary obligation, he may if he elect to have his judgment against all, issue execution against all or against one of the debtors only.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that the injunction taken out in this case be dissolved and set aside, the plaintiff and appellee paying costs in both courts.

Rehearing refused.